

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John H. Winters
Executive Director
State Department of Public Welfare
Austin 3, Texas

Dear Mr. Winters:

Opinion No. O-7543

Re: Whether the Texas Department
of Public Welfare can continue to
pay the salary of an employee who
will be devoting her time to Child
Welfare services in the State of
Texas, but whose office would be
in Arkansas.

Your request for an opinion upon the above entitled
subject matter is as follows:

"We would like to submit for your considera-
tion and opinion the following facts.

"There is situated in Bowie County in Tex-
arkana a Child Welfare Worker who is an employee
of the State Department of Public Welfare. The
State of Arkansas also has a Child Welfare Worker
in Texarkana who is a resident of Arkansas. As
you know, the State line divides the city of
Texarkana and one side of the main street in Tex-
arkana is in Arkansas and the other is in Texas.
Under the present plan, children who are residents
of Arkansas and who are apprehended on the Texas
side of the city are referred to the Arkansas
Child Welfare Worker and vice versa. There are
two offices, one maintained in the State of Arkan-
sas and one maintained in the State of Texas.

"Since these two employees work so closely to-
gether and the citizenry and public officials feel
that the work could be performed more efficiently

> if better office facilities were made available,
> plans are being considered whereby one office
> will be provided for the two employees.
>
> "In the event that the office space is pro-
> vided by the local citizenry on the Arkansas
> side of the city of Texarkana, will it be possi-
> ble for the Texas Department of Public Welfare
> to continue paying the salary of the employee
> who will be devoting her time to Child Welfare
> services in the State of Texas but whose office
> would be in Arkansas?"

It is elementary that the jurisdiction of a state government is limited to the territory within its boundaries. A corollary to this, equally fundamental in the economy of our Government, is that the powers of State officers are limited to the same territory. The same principle applies to municipal officers. In the exercise of their powers they are limited to the territory within the municipal boundaries. Of course, there are certain exceptions, notably the members of the Congress, but these are exceptions under constitutional authority. All of the State's officers and employees possess only the powers conferred upon them by law, and there is no law authorizing, either expressly or by implication, the stationing of one of our child welfare workers beyond the state borders, worthy and even commendable as the motive may be. When the Governor of the state crosses the state line the high powers of the Chief Executive cease, and he wires the Lieutenant Governor, in order that government may go on as usual. Even when a local peace officer crosses the state line he lays aside his gun.

There are factual situations where respect for mathematical state lines has little to commend it, and your situation is one of them. Nevertheless, State lines are yet real in government, and the limitations upon the powers of government and governmental officials from the lowest to the highest must be respected.

If one of our child welfare workers opens an office across our borders, she is out of bounds, whether it be at Texarkana or El Paso, and likewise off the pay roll. Of course, we are not talking about those out-of-state trips on state business authorized by law.

Honorable John H. Winters - page 3

We trust that what we have said sufficiently answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 17 1946

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

OS-MR